Filed 4/22/14  P. v. Johnson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICHARD ALLEN JOHNSON,<br><br>Defendant and Appellant. | E059102<br><br>(Super.Ct.No. FSB1204721)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed in part and reversed in part.

David Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant and appellant Richard Allen Johnson guilty of two counts of petty theft (Pen. Code, § 484; counts 1 & 2),[1] as lesser included offenses of two counts of robbery (§ 211), and one count of petty theft with three prior theft-related convictions (§ 666; count 3). The jury also found true that defendant had suffered one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior prison terms (§ 667.5, subd. (b)). Defendant was sentenced to a total term of five years in state prison with credit for time served as follows: three years for count 3 plus one year for each of the two prior prison terms; six-month sentences for counts 1 and 2 were stayed pursuant to section 654. Defendant's sole contention on appeal is that his petty theft convictions in counts 1 and 2 must be reversed because they are the same offense as count 3. The People agree. We also agree and will reverse defendant's convictions on counts 1 and 2.

I

FACTUAL BACKGROUND

On October 8, 2012, defendant entered a small, low-cost shoe store owned by Larry Macias and managed by Diane Ramirez. Defendant began looking at shoes in the men's section, and Ramirez twice asked defendant if he needed any assistance. Defendant refused and rudely replied, "'I got this.'"

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

A few minutes later, defendant walked towards the register area holding three boxes of shoes. Ramirez, who was standing in front of the register counter area, moved to the side so defendant could place the boxes on the counter to pay. Defendant, who appeared upset, placed the boxes on the counter and asked Ramirez, "'Why you gotta be like that?'" After a short verbal exchange, defendant said, "'I ought to just take these shoes.'" Defendant then grabbed the shoeboxes and started to run out of the store.

Ramirez attempted to stop defendant from taking the shoes, but defendant pushed her to the side. Macias jumped on defendant's back to stop him, and a struggle ensued. During the struggle, the shoeboxes fell out of defendant's hands, items in the store were knocked over, a window cracked, and Macias's clothes ripped. Eventually, defendant picked up a pair of shoes and stated, "'I need these shoes. I need these shoes.'" Macias gave up and defendant left the store with one pair of shoes.

Defendant never produced or attempted to produce any money for the shoes. And neither Ramirez nor Macias gave defendant permission to take the shoes.

II

DISCUSSION

Defendant contends that his convictions on counts 1 and 2 for petty theft of one pair of shoes must be reversed, because they are the same offense as his conviction on count 3 for petty theft with priors. The People agree that defendant cannot be convicted of the same substantive offense for petty theft multiple times for stealing a single pair of shoes. We agree with the parties that counts 1 and 2 must be reversed.

3

"It is well settled that multiple convictions may not be based on necessarily included offenses, and where one offense is necessarily included in the other, conviction of the greater offense is controlling, and the defendant may not be convicted of the lesser offense." (*People v. Irvin* (1991) 230 Cal.App.3d 180, 184; see also *People v. Lewis* (2008) 43 Cal.4th 415, 518, rejected on another ground in *People v. Black* (2014) 58 Cal.4th 912.) A lesser offense is necessarily included in a greater offense if the statutory elements of the greater offense include all the elements of the lesser offense, so that the greater cannot be committed without also committing the lesser. (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034; *People v. Busch* (2010) 187 Cal.App.4th 150, 160.) Theft is a lesser included offense to robbery. (*People v. Guzman* (1996) 45 Cal.App.4th 1023, 1028; *People v. Villa* (2007) 157 Cal.App.4th 1429, 1435 (*Villa*).) Therefore, "a defendant may not be convicted of both robbery and grand theft based upon the same conduct." (*People v. Ortega* (1998) 19 Cal.4th 686, 699, overruled on another ground in *People v. Reed* (2006) 38 Cal.4th 1224, 1228-1229.) However, multiple convictions are proper "if the evidence shows that the offenses are separate and distinct and were not committed pursuant to one intention, one general impulse, and one plan." (*People v. Bailey* (1961) 55 Cal.2d 514, 519.)

In *Villa*, *supra*, 157 Cal.App.4th at pages 1432, 1433-1435, the Court of Appeal held that the defendant could not be convicted of both robbery of a store employee and petty theft of the store's property based on the same course of conduct (the taking of a car navigation system) because petty theft is a lesser included offense of robbery. The

4

court rejected the People's argument that the defendant could be convicted of both robbery and petty theft because the crimes involved different victims. The court concluded that the crimes "legally" had the same victim because the store employee was the agent of the store employer. (*Id.* at p. 1435.) The court also explained that the fact the defendant was charged with and convicted of petty theft with a prior—as defendant was in this case—did not mean that the crime was not a lesser included offense of robbery because the prior conviction requirement of section 666 is a sentencing factor and not an element of the offense. (*Villa*, at pp. 1434-1435.)

Here, defendant was charged in count 1 with robbery of Ramirez, in count 2 with robbery of Macias, and in count 3 with petty theft of a pair of shoes with three prior theft-related convictions. Defendant, however, was convicted of two counts of petty theft of a single pair of shoes, as lesser included offenses of the robbery charges, and the petty theft with priors based on the same course of conduct (his taking of the same pair of shoes). The parties correctly conclude that the two counts of petty theft (counts 1 and 2) are the same substantive offense as the petty theft with priors (count 3). Defendant's convictions in counts 1 and 2 for petty theft must therefore be reversed. (*People v. Miranda* (1994) 21 Cal.App.4th 1464, 1468 [a conviction of the lesser offense cannot stand].)

5

III

DISPOSITION

The judgment of conviction on counts 1 and 2 for petty theft is reversed. The superior court clerk is directed to prepare a new sentencing minute order and an amended abstract of judgment; and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:


McKINSTER _____

J.


KING _____

J.