Filed 3/27/14

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,                                          )
                                                     )
      Plaintiff and Respondent,      )
                                                     )          S206928
      v.                             )
                                                     )     Ct. App. 1/1 A131693
CHARLES ALEX BLACK                                   )
                                                     )      Alameda County
      Defendant and Appellant.       )  Super. Ct. No. C163496
_____)

During voir dire, the trial court denied defendant's challenges to two prospective jurors on incompetence grounds (i.e., grounds that rendered them removable for cause). Following those denials, defendant used two of his allotted peremptory challenges to remove the same jurors. Defendant ultimately exhausted his peremptory challenges. He then asked the trial court to grant him extra peremptory challenges to remove two other prospective jurors he deemed objectionable (i.e., jurors removable for lawful reasons other than for cause). The trial court refused defendant's request. He now challenges the trial court's action here, claiming he is entitled to reversal because one of the jurors he objected to sat on his case.

We find that defendant cured any error that occurred when the trial court denied his for-cause challenges because he removed those jurors with two peremptory challenges. We also conclude that the trial court was under no statutory obligation to grant defendant extra peremptory challenges to remove

additional, otherwise competent, jurors. Because no incompetent juror who should have been dismissed for cause sat on his case as a result of his exhausting his peremptory challenges, defendant is not entitled to reversal of the trial court's judgment. (See *People v. Yeoman* (2003) 31 Cal.4th 93 (*Yeoman*).) We thus affirm the Court of Appeal's judgment.

FACTS AND PROCEDURAL HISTORY

Defendant was charged by information with two counts of animal cruelty (Pen. Code, § 597, subd. (a)) after his neighbors videotaped him severely beating his pet pit bull, Blue, with a mop handle on June 30, 2009, and with an axe on February 19, 2009. During jury voir dire at defendant's trial, Prospective Juror M.P. indicated she was "a very devout Hindu," and was "taught to not harm any animals whatsoever." Although she stated that she would "try" to set aside her beliefs, when asked if she could be "completely impartial, unbiased," she replied, "[p]robably not for this particular case." Prospective Juror A.D. indicated he had been abused as a child and was concerned about his ability to act impartially. In chambers, he told the court he "already sided" with the prosecution "because of what happened today in the morning and at lunch." Asked to explain, he said defendant had been disrespectful by arriving late and "singing and stomping his feet" when he entered. The court denied defense counsel's challenges for cause to the two prospective jurors, and defense counsel had to use two of his 10 allotted peremptory challenges to remove them. (See Code Civ. Proc.,[1] § 231, subd. (a) [allotting both noncapital defendants and the prosecution 10 peremptory challenges per trial].)

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise specified.

2

A third prospective juror who was later seated — Juror No. 8 — expressed concern in a note to the court.  In chambers, he explained he was a process server who earlier that year had tried to serve an unlawful detainer summons on a "Charles Black" at an Oakland Housing Authority building.  However, because that Charles Black was never at home, Juror No. 8 did not know if he was the same person as defendant.  He had served residents of the Oakland Housing Authority over 100 times, but he remembered this attempt because he had a police escort, which only occurred if "guns and/or drugs were involved in the reason for the eviction."  Juror No. 8 said he would "try" not to let the incident affect his consideration of the case.  He promised not to disclose it to the other jurors.  The court denied defense counsel's initial request, made "in an abundance of caution," to excuse the juror for cause.[2]  Having earlier exhausted his peremptory challenges, defense counsel requested two additional peremptory challenges to replace the challenges he had used in excusing Prospective Jurors M.P. and A.D., so that he might remove Juror No. 8 and another unspecified juror whom defendant does not discuss in his briefs.  In denying defense counsel's request, the court specifically noted that Juror No. 8 was "conscientious."

The jury found defendant guilty of both animal cruelty counts, and in a bifurcated proceeding found a prior strike and prior prison term allegations true.  The court sentenced defendant to four years:  the 16-month lower term on the first count, and eight months on the second count (one-third the midterm), both doubled due to the prior strike.  The court struck the prior prison term enhancements.

---

[2]     It appears that defense counsel challenged Juror No. 8 for cause as a precautionary measure.  Defendant's briefing essentially concedes the juror was not removable for cause.

3

In affirming the judgment, the Court of Appeal concluded that although the trial court erred in its failure to remove Prospective Jurors M.P. and A.D. for cause, it also found that the trial court's failure to grant defendant additional peremptory challenges under the circumstances did not require reversal because he failed to show that any incompetent juror sat on his case. We granted defendant's petition for review.

DISCUSSION

Challenges for cause are constitutionally guaranteed under the Sixth Amendment. (*Ross v. Oklahoma* (1988) 487 U.S. 81, 89 (*Ross*).) Our state constitution provides the same general right to a fair trial and an impartial jury, and the reasoning of *Ross* is applicable "to the state constitutional analogues to the federal constitutional rights considered there." (*People v. Gordon* (1990) 50 Cal.3d 1223, 1248, fn. 4 (*Gordon*) [overruled on another ground in *People v. Edwards* (1991) 54 Cal.3d 787, 855].) In California, criminal defendants are allowed an unlimited number of challenges to prospective jurors for cause, which the defendants must use before exercising any peremptory challenges. (§ 226.)

Our statutes set forth the requirements for successful challenges to jurors for cause. Section 225, subdivision (b)(1) allows challenges for cause for "one of the following reasons: [¶] "(A) General disqualification — that the juror is disqualified from serving in the action on trial. [¶] (B) Implied bias — as, when the existence of the facts as ascertained, in judgment of law disqualifies the juror," or [¶] "(C) Actual bias — the existence of a state of mind on the part of the juror in reference to the case, or to any of the parties, which will prevent the juror from acting with entire impartiality, and without prejudice to the substantial rights of any party." As relevant here, section 229, subdivision (f) states that a challenge for cause for a prospective juror's bias addresses "[t]he existence of a state of

4

mind in the juror evincing enmity against, or bias towards, either party." (See *People v. Horning* (2004) 34 Cal.4th 871, 896.)

Although challenges for cause are constitutionally guaranteed, the right to peremptory challenges is statutory. (*Ross, supra,* 487 U.S. at p. 89.) *Ross* held that "the fact that defendant had to use a peremptory challenge to [cure the court's error in failing to remove a juror for cause] does not mean that the Sixth Amendment was violated." (*Id.* at p. 88.) "[P]eremptory challenges are not of constitutional dimension," but are merely "a means to achieve the end of an impartial jury." (*Ibid.*) Mere loss of a peremptory challenge does not automatically constitute a violation of the federal constitutional right to a fair trial and impartial jury. (*Ibid.*) If no biased or legally incompetent juror has served on defendant's jury, the judgment against him does not suffer from a federal constitutional infirmity, even if he had to exercise one or more peremptory challenges to excuse prospective jurors whom the court should have excused for cause. (*Id.* at pp. 88-91.)

Over a century ago, we stated that the right to exercise peremptory challenges was "absolute," such that when a defendant is compelled to exhaust the allotment of peremptory challenges because of the erroneous denial of a for-cause challenge and is thereby "obliged afterward to accept an objectionable juror, without power to use a peremptory challenge upon him, . . . the error [is] prejudicial." (*People v. Helm* (1907) 152 Cal. 532, 535.) However, our understanding of the purpose of peremptory challenges has since evolved, in accordance with the high court's observations in *Ross, supra,* 487 U.S. at pages 88 to 91, to acknowledge that the statutory right to peremptory challenges is "subject to the requirement that the defendant exercise those challenges to cure erroneous refusals to excuse prospective jurors for cause." (*Gordon*, *supra*, 50 Cal.3d at p. 1248, fn. 4.) As a result, our case law now reflects that an erroneous denial of a

5

challenge for cause to one juror is not reversible error when it deprives a defendant only of a peremptory challenge to another juror. (*People v. Whalen* (2013) 56 Cal.4th 1, 44; *Yeoman*, *supra*, 31 Cal.4th at p. 114; *People v. Boyette* (2002) 29 Cal.4th 381, 419; *People v. Mickey* (1991) 54 Cal.3d 612, 683.) " 'So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean' " a constitutional violation occurred. (*People v. Farley* (2009) 46 Cal.4th 1053, 1096.)

The Attorney General does not defend the trial court's decisions on the for-cause challenges to Prospective Jurors M.P. and A.D., and does not attempt to refute defendant's claim that the trial court should have granted his for-cause challenges to those jurors. We therefore assume that the trial court erred in not granting defendant's for-cause challenges to the two prospective jurors. We also find that defendant cured the error by using two of his statutory peremptory challenges to strike the prospective jurors. Eventually, defendant exhausted his remaining challenges and was consequently unable to remove Juror No. 8, whom he agrees was not challengeable for cause, but whom he personally found objectionable for other lawful reasons.

According to defendant, the Legislature has deemed peremptory challenges essential for the creation of an impartial jury. The loss of peremptory challenges necessarily undermines that goal when counsel identifies an objectionable juror who counsel was unable to remove. He further contends that he is statutorily entitled to "mold the jury" using the full complement of peremptory challenges that the statute affords. Without citation to authority or Legislative intent materials, defendant claims that denial of such an entitlement is reversible per se. Defendant has preserved his claim for appeal because he exhausted his peremptory challenges, declared his dissatisfaction with the jury as finally constituted, and requested additional challenges. (See *People v. Kirkpatrick* (1994) 7 Cal.4th 988,

6

1005 ["To preserve a claim of error in the denial of a challenge for cause, the defense must either exhaust its peremptory challenges and object to the jury as finally constituted or justify the failure to do so."].)

The Attorney General contends, and the Court of Appeal agreed, that forcing defendant to use peremptory challenges to remove Prospective Jurors M.D. and A.D. violated his right to a fair trial and impartial jury only if he was left unable to prevent the seating of another otherwise incompetent juror (i.e., one who should have been removed for cause). Because defendant does not contend that Juror No. 8 should have been removed for cause, the Attorney General argues that defendant has failed to demonstrate reversible error.

The Attorney General cites to a substantial line of authority that supports her argument. In *Yeoman*, *supra*, 31 Cal.4th at page 114, this court clarified the rule for determining when a defendant suffers prejudice if he must exhaust his peremptory challenges in order to remove jurors who should have been removed for cause. The defendant had been charged with capital murder. He argued that "the trial court had deprived him of due process and a fair trial by denying" his for-cause challenges to four prospective jurors. (*Ibid.*) None of the jurors sat on defendant's case because he peremptorily challenged each one. (*Ibid.*) "Defendant eventually exhausted his peremptory challenges and expressed dissatisfaction with the jury," thus preserving his claim on appeal. (*Ibid.*) *Yeoman* relied on *Ross, supra,* 487 U.S. at pages 85-86, and our earlier cases to observe that "[t]o prevail on such a claim, defendant must demonstrate that the court's rulings affected his right to a fair and impartial jury. [Citation.] None of the four prospective jurors could possibly have affected the jury's fairness because none sat on the jury. [Citations.] The harm to defendant, if any, was in being required to use four peremptory challenges to cure what he perceived as the trial court's error. Yet peremptory challenges are given to defendants subject to the

7

requirement that they be used for this purpose. (*People v. Gordon,* [*supra,*] 50 Cal.3d [at p.] 1248, fn. 4.)" (*Yeoman, supra,* 31 Cal.4th at p. 114.) The court concluded that "[a]n erroneous ruling that forces a defendant to use a peremptory challenge, and thus leaves him unable to exclude a juror who actually sits on his case, provides grounds for reversal only if the defendant 'can actually show that his right to an impartial jury was affected . . . .' [Citation.]" (*Ibid.*, italics omitted.) Numerous recent cases support *Yeoman*'s holding. (See, e.g., *People v. Edwards* (2013) 57 Cal.4th 658, 753 ["even assuming the trial court erred in denying the challenge for cause, defendant does not claim that any sitting juror was biased"].)

A few cases have relied on dictum from *People v. Bittaker* (1980) 48 Cal.3d 1046 (*Bittaker*), which posited the idea that a defendant's right to a fair trial and impartial jury is denied even if no incompetent juror sits on the case. In *Bittaker*, the defendant was charged with capital murder. He claimed that he was deprived of his right to an impartial jury because he used peremptory challenges to remove five prospective jurors who should have been excused for cause but were not. The trial court granted the defendant only two compensatory peremptory challenges, which he used. (*Id.* at p. 1087.) The trial court also gave the prosecution two additional challenges, which it requested but did not use. (*Ibid.*)

Bittaker argued on appeal that the trial court deprived him of his right to an impartial jury because it required him to use peremptory challenges to remove the five prospective jurors it should have removed for cause. He claimed that "a single erroneous denial of a challenge for cause requires reversal." (*Ibid.*)

In *Bittaker* we affirmed the defendant's conviction, but noted in dictum that "if he can actually show that his right to an impartial jury was affected because he was deprived of a peremptory challenge which he would have used to excuse a juror who sat on his case, he is entitled to reversal . . . ." (*Bittaker, supra,* 48 Cal.3d at pp. 1087-1088.) The dictum has been interpreted to mean that, "if the

8

defendant can show that he was required to use his peremptory challenges to remove jurors as to whom the trial court erroneously denied a challenge for cause, and that he exhausted his peremptory challenges and thus was unable to excuse one or more jurors who sat on his case, his right to an impartial jury necessarily was affected and he is entitled to reversal." (*People v. Baldwin* (2010) 189 Cal.App.4th 991, 999-1000.) But we have never reversed a case based on *Bittaker*'s dictum. (*Baldwin, supra,* 189 Cal.App.4th at p. 1000.) We therefore reject the *Bittaker* dictum in our own cases that cite it, and now conclude that it has no applicability in a determination whether a defendant has been prejudiced by a denial of a for-cause challenge. (*Bittaker, supra,* 48 Cal.3d at p. 1087; see, e.g., *People v. Blair* (2005) 36 Cal.4th 686, 742 [citing *Bittaker* dictum to note that a defendant may establish prejudice if he can show he was "deprived of a peremptory challenge" that he would have used to excuse a juror who participated in the case]; see also *People v. Lewis* (2008) 43 Cal.4th 415, 495 [quoting *Blair*'s citation to *Bittaker*'s dictum]; *People v. Hoyos* (2007) 41 Cal.4th 872, 905, fn. 18 [same].) [3]

We conclude that *Yeoman* sets forth the correct standard for a defendant to demonstrate prejudice after properly preserving a claim that the defense used peremptory challenges to cure a trial court's erroneous denial of one or more for-cause challenges. A defendant must show that the error affected his right to a fair trial and impartial jury. When a defendant uses peremptory challenges to excuse prospective jurors who should have been removed for cause, a defendant's right to

---

[3] We also note that *Bittaker* held that a defendant must show that "he used a peremptory challenge to remove the juror in question, that he exhausted his peremptory challenges" or " can justify his failure to do so," "and that he was dissatisfied with the jury as selected." (*Bittaker, supra,* 48 Cal.3d at p. 1087.) This quoted language, however, defined the prerequisites for preserving the claim of error in the denial of a for-cause juror challenge, not for prevailing on it. (See *People v. Bivert* (2011) 52 Cal.4th 96, 114.)

an impartial jury is affected only when he exhausts his peremptory challenges and an incompetent juror, meaning a juror who should have been removed for cause, sits on the jury that decides the case. (*Yeoman, supra*, 31 Cal.4th at p. 114.)

Defendant cites cases from several sister-state courts that have held, as a matter of state law, and assuming defendants have not forfeited their claims on procedural grounds, that trial courts commit prejudicial error when they force defendants to use peremptory challenges to excuse prospective jurors who should have been removed for cause, provided the defendants have exhausted all their peremptory challenges and have sought additional challenges that were denied. (See e.g., *State v. Esposito* (Conn. 1992) 613 A.2d 242, 250 (*Esposito*).) Like defendant, these cases deem the erroneous denial of a for-cause challenge to be prejudicial if an objectionable juror was seated. Their rule is similar to the *Bittaker* dictum we reject.

For example, in *Esposito, supra,* 613 A.2d at page 250, the Connecticut Supreme Court reversed the defendant's conviction after concluding that the trial court committed reversible error when it denied one of the defendant's for-cause challenges. Defendant thereafter used a peremptory challenge to remove that biased juror. *Esposito* noted that "the Connecticut Constitution guarantees a criminal defendant the right to exercise peremptory challenges in the selection of his jury," and "that the trial court's action abridged this constitutional and statutory right of the defendant." (*Id.* at p. 249.) The court concluded that it is reversible error for a trial court to force a defendant to use peremptory challenges to excuse persons who should have been removed for cause, as long as the defendant subsequently exhausts all of his peremptory challenges and seeks an additional challenge that is denied. (*Id.* at pp. 249-250.) Defendant claims the *Esposito* rule "gives due deference to the importance of peremptory challenges in our judicial system" and "ensures that a trial court's error does not deprive a

10

defendant of the full use of the peremptory challenges allotted him by law." As we have held, however, California law rejects this rule. (*Yeoman, supra,* 31 Cal.4th at p. 114.) In our view, the fact that defendant requested *additional* peremptory challenges that the court did not grant him does not support his claim, because he has failed to show that an incompetent juror sat on his case.

Defendant also contends that his proposed rule would be consonant with the Legislature's intent because peremptory challenges are "creatures of statute." Defendant argues that the trial court's rejection of his request for additional peremptory challenges was akin to erroneously denying him "the use of his full panoply of peremptory challenges," and thus it warrants reversal. (See e.g., *People v. Armendariz* (1984) 37 Cal.3d 573, 584 (*Armendariz*) [failure to grant a defendant the prescribed number of peremptory challenges is reversible error]; accord, *People v. O'Connor* (1927) 81 Cal.App.506, 517-519 [denial of statutory allotment of peremptory challenges represents a miscarriage of justice under California law].)

As the Attorney General observes, however, we can distinguish the rule in *Armendariz, supra,* 37 Cal.3d at pages 584. There, the court failed to allow the defendant to exercise his statutorily allotted number of peremptory challenges. (*Id.* at pp. 582-583.) By contrast, defendant (and the prosecution) in this case were each given the 10 peremptory challenges statutorily prescribed in noncapital criminal cases. (§ 231, subd. (a).) A defendant's statutory right to the full complement of peremptory challenges "is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been removed for cause." (*United States v. Martinez-Salazar* (2000) 528 U.S. 304, 316-317; *Id.* at p. 315 [trial court may not deliberately (or repeatedly) force defendants to use peremptory challenges to cure trial court errors, but using peremptory challenge to remove prospective juror who should have been removed

11

for cause does not deprive defendant of allotted number of peremptory challenges provided by Fed. Rules Crim. Proc., rule 24(b) (18 U.S.C.)].) By parity of reasoning, when a defendant receives the peremptory challenges allotted to him, but must use one or more of those challenges to cure an erroneous denial of a challenge for cause, he has received what was due him under state law and cannot object to the jury unless an incompetent juror sat in his case. (*Yeoman, supra,* 31 Cal.th at p. 114.)

CONCLUSION

The record does not show, and defendant does not contend, that Juror No. 8 was biased and removable for cause. (Cal. Const., art. VI, § 13.) This juror was not subject to removal for any other qualitative reason that would render his sitting in defendant's trial unfair or inconsistent with impartiality. The fact that the trial court refused defendant's request for an additional challenge to remove that same juror is not reversible error.

We affirm the Court of Appeal's judgment.

CHIN, J.

WE CONCUR:

CANTIL-SAKAUYE, C. J.
KENNARD, J.
BAXTER, J.
WERDEGAR, J.
CORRIGAN, J.
LIU, J.

12

**CONCURRING OPINION BY LIU, J.**

Whatever the merits of peremptory challenges as a mechanism of jury selection (compare *Swain v. Alabama* (1965) 380 U.S. 202, 219 [noting "the long and widely held belief that peremptory challenge is a necessary part of trial by jury"] with *Miller-El v. Dretke* (2005) 545 U.S. 231, 272 (conc. opn. of Breyer, J.) [urging abolition of peremptory challenges and stating "a jury system without peremptories is no longer unthinkable"] and *Batson v. Kentucky* (1986) 476 U.S. 79, 102–103 (conc. opn. of Marshall, J.) [same]), it cannot be denied that a significant diminution of opportunities to exercise lawful peremptory strikes is problematic if it affects only the defense in a criminal trial.

Under former Penal Code section 1070, a defendant charged with a crime punishable by death or life without parole was entitled to 10 peremptory challenges, whereas the state was entitled to five. (Penal Code of Cal. (1872) p. 241, § 1070; see *ibid.* [allotting five strikes for the defendant and three for the state on other offenses].) California law now provides the defense and the prosecution with an equal number of peremptory strikes. (Code Civ. Proc., § 231, subd. (a).) Suppose a defendant had to use five peremptory strikes to excuse jurors who should have been excused for cause and then, upon exhausting his strikes, was forced to accept five jurors he otherwise would have struck for lawful reasons short of cause. Suppose further that the prosecution did not have to use any of its peremptory strikes in this manner and instead used all 10 of its strikes to

1

remove jurors it found unfavorable for lawful reasons short of cause.  In such a scenario, it is clear that the defendant was substantially disadvantaged relative to the prosecution, and it would be difficult to argue that such imbalance is consistent with the purpose of section 231, subdivision (a) or with due process of law.

Therefore, prejudice may occur when a trial court has erroneously denied multiple challenges for cause by the defense but not by the prosecution, thereby forcing the defendant, but not the prosecution, to accept multiple jurors whom he would have lawfully struck had he not had to use his strikes to remedy the trial court's errors.  In other words, our prejudice inquiry should examine whether a trial court's errors substantially disadvantaged the defendant relative to the prosecution in the opportunity to remove jurors for lawful reasons short of cause.  Today's opinion does not hold to the contrary.  (See maj. opn., *ante*, at p. 11 [construing *United States v. Martinez-Salazar* (2000) 528 U.S. 304, 315 to mean that a "trial court may not deliberately (*or repeatedly*) force defendants to use peremptory challenges to cure trial court errors"], italics added.)

A defendant cannot be said to have suffered substantial disadvantage with respect to the prosecution from the seating of a single objectionable juror.  Neither the prosecution nor the defense has the right to an ideal jury, and both sides must sometimes accept less-than-ideal jurors given the limitations of the jury pool and available peremptory strikes.  In the present case, the record reveals only one seated juror whom defendant would have peremptorily challenged.  Because defendant suffered no substantial disadvantage in jury selection relative to the prosecution, I concur in the court's judgment.


LIU, J.


I CONCUR:  KENNARD, J.

2

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Black
_____

**Unpublished Opinion** XXX NP opn. filed 10/25/12 – 1st Dist., Div. 1
**Original Appeal**
**Original Proceeding**
**Review Granted**
**Rehearing Granted**

_____

**Opinion No.** S206928
**Date Filed:** March 27, 2014
_____

**Court:** Superior
**County:** Alameda
**Judge:** Allan D. Hymer

_____

**Counsel:**

Robert L. S. Angres, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, René A. Chacón and Bruce Ortega, Deputy Attorneys General, for Plaintiff and Respondent.

1

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Robert L. S. Angres
4781 E. Gettysburg Avenue, Suite 14
Fresno, CA  93726
(559) 348-1918

Bruce Ortega
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
(415) 703-1335