Filed 10/15/14  P. v. Matthews CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FREDERICK MATTHEWS,<br><br>    Defendant and Appellant. | B251898<br><br>(Los Angeles County Super. Ct.<br> No. YA083230)<br><br>**ORDER MODIFYING OPINION<br> AND DENYING REHEARING<br> [NO CHANGE IN JUDGMENT]** |

It is ordered that the opinion filed herein on September 25, 2014, and not certified for publication, be modified as follows.

On page 2, footnote 3 should read:  In a July 2, 2012 report, the psychiatrist retained by the prosecution (Dr. Sharma) concluded defendant was competent to stand trial.  In an October 17, 2012 report, the psychiatrist retained by the defense (Dr. Rothberg) concluded defendant was not competent to stand trial.  The trial court appointed a third psychiatrist (Dr. Dupee), who concluded on December 12, 2012 that defendant was competent to stand trial.

There is no change in the judgment.  The petition for rehearing is denied.

_____
TURNER, P. J.                    KRIEGLER, J.                    MOSK, J.

Filed 9/25/14 (unmodified version)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B251898 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA083230) |
| v. | |
| FREDERICK MATTHEWS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eric C. Taylor, Judge. Affirmed as modified.

Jin H. Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.

_____

A jury convicted defendant and appellant Frederick Matthews of second degree robbery in violation of Penal Code section 211.[1]  The trial court sentenced defendant to five years in state prison, imposed all mandatory fines and fees, and granted presentence custody credits.  Defendant contends reversal is required because the court denied his request for advisory counsel.  He also contends the court erred in calculating his custody credits, and the Attorney General agrees.  We affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant struck a 71-year-old female bartender and took her purse on November 4, 2011.  The incident was captured by a surveillance camera, and a warrant was issued for defendant's arrest.  Police arrested defendant on April 2, 2012, after finding him in possession of a woman's wallet with the victim's identification inside.

Defendant was initially represented by the public defender's office.  The court denied defendant's *Marsden*[2] motion on June 20, 2012.  On the same day, defense counsel declared a doubt as to defendant's competency to stand trial, and the court suspended the criminal proceedings.

Based on reports by three different psychiatrists,[3] the trial court found defendant competent to stand trial and reinstated the criminal proceedings on January 4, 2013.  On February 21, 2013, defense counsel informed the prosecution and the court that defendant sought to represent himself.  (See *Faretta v. California* (1975) 422 U.S. 806.)  The court asked defendant whether he could be ready in a month, and defendant said he would do his best.  The following colloquy took place next:

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

| | |
|---|---|
| Court: | So we'll have you fill out the waivers. Have you represented yourself in any other cases? |
| Defendant: | No, I haven't. Can I get an order on the consultation? I understand I'll be representing myself. |
| Counsel: | He is asking for a stand-by attorney. |
| The Court: | No, I won't grant that either. You're going to represent yourself or you're not. |
| Defendant: | I will. |

After additional discussion, the court gave defendant the opportunity to review, initial and sign the *Faretta* waiver form, and then reviewed the form with defendant before granting defendant's *Faretta* motion.  The court permitted defendant to engage the services of an investigator to assist with his defense, as well as $20 in funds for phone calls.  Ultimately, the court postponed the trial for five months to give defendant time to obtain and consult with an investigator and to locate witnesses in preparation for trial. On July 9, 2013, the court asked defendant if he was "ready to go," and defendant responded "yes."  Jury selection and the trial took place from July 10, 2013 through July 12, 2013.  Defendant took part in jury selection, gave opening and closing statements, and cross-examined the victim.  Defendant's theory was that he was retrieving the purse for its rightful owner and acted in self-defense, but he did not present any evidence.  The jury convicted defendant of second degree robbery and found that the victim was over the age of 60.

## DISCUSSION

### Denial of Advisory Counsel

We reject defendant's contention that the trial court committed reversible error by denying his request for advisory counsel.  Instead we conclude the court did not abuse its

discretion in denying defendant's request, in light of the psychiatric reports regarding defendant's competency to stand trial, his repeated encounters with the criminal justice system for minor crimes, his educational background, and the relative simplicity of the case.

Although the Sixth Amendment guarantees a criminal defendant both the right to be represented by counsel and the right to self-representation, a defendant who chooses to represent himself does not have a constitutional right to advisory counsel. (*People v. Blair* (2005) 36 Cal.4th 686, 723, overruled on other grounds by *People v. Black* (2014) 58 Cal.4th 912, 919; see also *People v. Hamilton* (1989) 48 Cal.3d 1142, 1162 ["A criminal accused has only two constitutional rights with respect to his legal representation, and they are mutually exclusive. He may choose to be represented by professional counsel, or he may knowingly and intelligently elect to assume his own representation"].)

The decision to appoint advisory counsel for a defendant who elects self-representation is a discretionary one, and the court's decision will not be set aside as long as there is a "reasonable or even fairly debatable justification, under the law, for the action taken . . ." (*People v. Crandell* (1988) 46 Cal.3d 833, 863 (*Crandell*), overruled on other grounds in *People v. Craytor* (2002) 28 Cal.4th 346, 364-365 [internal quotations and citations omitted].) "The factors which a court may consider in exercising its discretion on a motion for advisory counsel include the defendant's demonstrated legal abilities and the reasons for seeking appointment of advisory counsel." (*Ibid*.) A court may also consider the defendant's educational level and familiarity with the justice system, the seriousness of the charges, the complexity of the matter, and whether it involves novel issues. (See *People v. Clark* (1992) 3 Cal.4th 41, 111, abrogated on other grounds as recognized in *People v. Pearson* (2013) 56 Cal.4th 393, 461-462; *Crandell, supra*, at p. 863; *People v. Bigelow* (1984) 37 Cal.3d 731, 743 (*Bigelow*); *People v. Sullivan* (2007) 151 Cal.App.4th 524, 554 (*Sullivan*).)

Defendant initially contends that reversal is required because the trial court failed to exercise its discretion in denying defendant's request for either advisory or standby

4

counsel. However, nothing in the record demonstrates that the court erroneously believed it lacked legal authority to appoint such counsel. (Cf., *Bigelow*, *supra*, 37 Cal.3d at p. 742 [trial judge erroneously ruled that California law did not permit the appointment of advisory counsel].) The issue is therefore whether defendant has shown, as a matter of law, that the court abused its discretion in denying advisory or standby counsel, and whether defendant can show prejudice. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

We conclude the court did not abuse its discretion in denying defendant's request for advisory or standby counsel. Defendant requested legal assistance at the same time he requested to represent himself, and the court reasonably decided against appointing advisory counsel, particularly because there was a chance that defendant might change his mind after being advised of the risks of self-representation. Knowing his request for advisory counsel had been denied, and after a thorough explanation of the risks of self-representation, defendant still elected to represent himself, knowingly and willingly assuming the risks of doing so. Defendant did not renew his request for the advisory or standby counsel thereafter.

Defendant argues that the psychiatrist's reports provided the court with evidence he was not capable of proceeding without the assistance of advisory counsel. However, the information in the reports supported the court's findings that defendant was both competent to stand trial and competent to voluntarily waive his constitutional right to the assistance of counsel. Defendant's attempts to analogize this case to *Bigelow* are entirely unconvincing. (*Bigelow, supra,* 37 Cal.3d at p. 743 [failure to appoint advisory counsel on the facts of the case would have been an abuse of discretion].) The defendant in *Bigelow* faced the death penalty and the charges included special circumstances that had not yet been judicially construed at the time of the trial. Bigelow was also a Canadian, unfamiliar with California law, and had only a ninth grade education. (*Ibid.*) The present case was a straightforward, simple robbery case with the alleged acts captured on videotape. The court was aware that defendant had at least a high school education and some amount of college education as well. He also had a familiarity with the criminal justice system, with multiple arrests and multiple probation violations pending. Finally,

the potential penalty of five years in prison is far less severe than the penalties faced by defendants even in cases where the court has found no error in the failure to appoint advisory counsel. (See, e.g., *Sullivan, supra,* 151 Cal.App.4th at p. 554 [defendant sentenced to 210 years to life]; *People v. Garcia* (2000) 78 Cal.App.4th 1422, 1428-1431 [defendant sentenced to 54 years in prison].)

Defendant has no shown an abuse of discretion, nor has he established that error, if any, was prejudicial. (Cal. Const., art. VI, § 13.)

## **Custody Credits**

The court awarded defendant 478 days of actual custody credit and 72 days of conduct credit for a total of 550 days of presentence custody credit. Defendant contends that because he was incarcerated from his April 2, 2012 arrest date until he was sentenced on July 24, 2013, he is entitled to 479 days of actual custody credit, not 478. (*People v. Bravo* (1990) 219 Cal.App.3d 729, 735.) Defendant is entitled to an additional day of actual custody credit as he contends.

## DISPOSITION

The judgment is modified to award defendant one additional day of actual custody credit for a total of 551 days of presentence custody credits. The trial court is directed to prepare an amended abstract of judgment consistent with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

KRIEGLER, J.

We concur:

TURNER, P. J.

MOSK, J.

7