Filed 12/1/15  P. v. Whitfield CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL WHITFIELD,<br><br>    Defendant and Appellant. | F069233<br><br>(Super. Ct. No. F14900574)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Dawn Schock, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

Defendant Michael Whitfield was convicted by no contest plea of burglary. On appeal, he contends the trial court completely failed to advise him of the dangers of representing himself before granting his *Faretta*[1] motion and thus we must reverse and remand. The People concede and we agree.

## BACKGROUND

On January 17, 2014, defendant was charged with burglary (Pen. Code, §§ 459, 460, subd. (b)) and petty theft with a prior (Pen. Code, § 666). The complaint also included various special allegations.

On January 28, 2014, defendant appeared with defense counsel to withdraw his plea. Defendant pled no contest to the burglary count and admitted one prior strike conviction allegation and one prior prison term allegation. He filled out and signed a plea form on which he noted a five-year lid. After defendant answered the court's questions regarding his plea and the rights he was giving up, the court accepted the plea.

On February 28, 2014, at the sentencing hearing, defendant requested to represent himself, as follows:

"THE COURT: Is there any legal cause why judgment should not now be pronounced?

"THE DEFENDANT: Yes, it is. I might want to represent myself. I'm filling out the paper right now.

"THE COURT: And the Court has also read and considered a letter from [defendant]. [¶] So are you ready to proceed?

"[DEFENSE COUNSEL]: Your Honor, I'm ready. I don't know if—[defendant] is asking—

"THE DEFENDANT: They gave me a Faretta Motion. I'm filling it out right now for self-representation, if you don't mind.

"THE COURT: Well, you've represented yourself before.

---

[1]     *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).

2.

"THE DEFENDANT: Yes. And also—

"THE COURT: Okay. That's fine. You can represent yourself.

"THE DEFENDANT: Okay. Thank you.

"THE COURT: Okay. Go ahead.

"THE DEFENDANT: Do I need to fill this out?

"THE COURT: No.

"THE DEFENDANT: Thank you very much. The last—my last appearance in court, [defense counsel] informed me that—I can't remember her name. She supposedly came to the jail to assess me for a possible entry into either Westcare or Salvation Army, which I tried to get into myself before I commenced this crime. They wouldn't let me in due to the fact that I didn't have no ID which was stolen from me.

"THE COURT: Yes, I know. You said that in your letter. I read your letter.

"THE DEFENDANT: That's why I did the crime to get the drugs because I am a drug addict. I've been so for 30 years. I'm 55 years old. I'm tired of drugs. I'm tired of coming before you and anybody else in this courtroom. And I need to help myself get off drugs so I can get out of this jail, and stay out of jail. And I would highly appreciate it because I have a severe record. It's too long. Yes? I'm sorry, I thought he called my name. Anyway, the lady wasn't able to come assess me because [defense counsel] just informed me that they changed me from one floor to another, and she missed coming to talk to me to do an assessment. He can verify that. He just told me that. And the situation that I got myself into this time and other occasions, it was behind drugs. I don't want to waste the Court's time and resources by playing games saying I'm not guilty when I am guilty. That's why I pled guilty early in my case. If you had a chance to review my past history, you will find out that it's very long.

"THE COURT: Oh, I've seen it. It's all right here. It goes on for pages and pages.

"THE DEFENDANT: About 20? Close to it?

"THE COURT: You mean the whole report?

3.

"THE DEFENDANT: The whole report. [¶] … [¶] All I can do is say thank you for helping me help myself. Because like I said, I'm very tired.

"THE COURT: All right. Is the matter submitted?

"[PROSECUTOR]: The People submit on the five-year offer from the People.

"THE COURT: All right…."

At this point, the trial court terminated probation and sentenced defendant to five years in prison.

## DISCUSSION

"A criminal defendant has a right, under the Sixth Amendment to the federal Constitution, to conduct his own defense, provided that he knowingly and intelligently waives his Sixth Amendment right to the assistance of counsel." (*People v. Blair* (2005) 36 Cal.4th 686, 708 (*Blair*), overruled on another point in *People v. Black* (2014) 58 Cal.4th 912, 919.) "When 'a motion to proceed *pro se* is timely interposed, a trial court must permit a defendant to represent himself upon ascertaining that he has voluntarily and intelligently elected to do so, irrespective of how unwise such a choice might appear to be. Furthermore, the defendant's "technical legal knowledge" is irrelevant to the court's assessment of the defendant's knowing exercise of the right to defend himself.'" (*People v. Dent* (2003) 30 Cal.4th 213, 217.) While most defendants would be better defended with counsel than without, "a criminal defendant's ability to represent himself has no bearing upon his competence to *choose* self-representation." (*Godinez v. Moran* (1993) 509 U.S. 389, 400.) Indeed, a "trial court may not determine a defendant's competency to waive counsel by evaluating his ability to present a defense." (*People v. Koontz* (2002) 27 Cal.4th 1041, 1070.)

"A defendant seeking to represent himself 'should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." [Citation].' [Citation.] 'No

particular form of words is required in admonishing a defendant who seeks to waive counsel and elect self-representation.'" (*Blair, supra,* 36 Cal.4th at p. 708.)

"A defendant may challenge the grant of a motion for self-representation on the basis that the record fails to show that the defendant was made aware of the risks of self-representation." (*People v. Bloom* (1989) 48 Cal.3d 1194, 1224.) "The failure to give a particular set of advisements does not, of itself, show that a *Faretta* waiver was inadequate. Instead, '[t]he burden is on [the defendant] to demonstrate that he did not intelligently and knowingly waive his right to counsel. … [T]his burden is not satisfied by simply pointing out that certain advisements were not given.'" (*People v. Weber* (2013) 217 Cal.App.4th 1041, 1058-1059; see *People v. Koontz, supra,* 27 Cal.4th at p. 1071.) "Rather, 'the test is whether the record as a whole demonstrates that the defendant understood the disadvantages of self-representation, including the risks and complexities of the particular case.'" (*Blair, supra,* 36 Cal.4th at p. 708.) We independently examine the entire record, not just the *Faretta* hearing record, to determine whether he intelligently and knowingly waived his right to counsel. (*People v. Burgener* (2009) 46 Cal.4th 231, 241.)

Defendant contends the trial court erred in permitting him to represent himself pursuant to *Faretta* without obtaining a knowing and intelligent waiver of his right to the assistance of counsel. The People agree that the trial court failed to advise defendant, orally or in writing, of the rights he was waiving and the dangers of representing himself.

We agree that the record as a whole fails to demonstrate that defendant understood the disadvantages of self-representation, including the risks and complexities of his case. There is nothing in the record to suggest that he did, other than the court's statement that he had represented himself before. The court gave no admonitions, asked no questions, and failed to obtain a written waiver from defendant. The record does not demonstrate that defendant intelligently and knowingly waived his right to counsel.

The parties acknowledge that the California Supreme Court has not decided whether a defective *Faretta* waiver is reversible per se or subject to harmless error analysis (*People v. Burgener, supra,* 46 Cal.4th at pp. 243-245), but the People appropriately concede that in this case the sentence must be reversed and the matter remanded to the trial court for resentencing. Indeed, on this record, we cannot deem the error harmless under any standard.

## DISPOSITION

The sentence is vacated and the matter remanded to the trial court for a resentencing hearing at which defendant may elect to represent himself, if he so chooses, after receiving the proper admonitions. In all other respects, the judgment is affirmed.

6.