Filed 11/21/14  P. v. Anaya CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071698 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F07667) |
| v. | |
| JONATHAN VELEZ ANAYA, | |
| Defendant and Appellant. | |

Defendant Jonathan Velez Anaya ambushed former gang member D'Angelo Gutierrez by punching him in the face as Gutierrez left a liquor store.  Defendant then participated with two other men, including his brother Joel Anaya, in beating and robbing Gutierrez.  The attack was recorded by a surveillance system.

Convicted of robbery (Pen. Code, § 211; all further unspecified code citations are to the Penal Code) and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(1)) with a finding that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and sentenced to 12 years in state prison (the

1

low term of two years for robbery, plus 10 years for the gang enhancement), defendant appeals. He contends: (1) the trial court abused its discretion by denying his motion to sever his trial from his brother's; (2) the trial court abused its discretion by denying his motion for new trial; (3) the evidence was insufficient to find that the crimes were committed for the benefit of a criminal street gang; and (4) the trial court abused its discretion by denying probation and sentencing him to state prison.

We affirm.

BACKGROUND

*Crimes Against Gutierrez*

In the evening of October 22, 2011, D'Angelo Gutierrez went to a liquor store in Sacramento to make a purchase. As he was leaving the store, someone punched him in the face. He was punched many times by several people until he was knocked to the ground. While he was on the ground, he was punched and kicked all over the body by defendant, Joel Anaya, and another unidentified person. In all, he was kicked more than he was punched. The assailants took his shirt and shoes and left.

Police officers arrived soon after the beating to find Gutierrez on the ground. He had a laceration on the back of his head; he had patterned bruises on his arm and face; and his eyes were swelling shut. Gutierrez told an officer that he had been a Norteño but had dropped out of the gang.

The responding officers viewed the liquor store's surveillance video and identified defendant as the person who punched Gutierrez in the face as he was leaving the liquor store. He and his brother Joel Anaya were apprehended soon after the beating.

Defendant had a tattoo on his hand in the pattern of dots typical of a Norteño tattoo.

2

*Codefendant's Crimes in Galt*

On November 17, 2010 (11 months before the liquor store assault), Joel Anaya and a group of Norteños approached a group of Sureños in a park in Galt. Joel fired four to six shots at the Sureños and then fled with the other Norteños.

*Expert Testimony Concerning Criminal Street Gang Enhancement*

Officer Don Schumacher of the Sacramento Police Department testified as an expert on Hispanic street gangs. He said that it is typical for members of a criminal street gang to attack a former gang member who has dropped out.

Detective Kyle Slater of the Galt Police Department also testified as an expert on Hispanic street gangs. He said that defendant was validated as a Norteño in 2005, after he was involved in a fight during which a Sureño was beaten with a bat. In 2010, defendant was contacted by law enforcement investigating a curfew violation. At the time, defendant was with known Norteños. Again in 2010, defendant was identified as an occupant of a car, along with other Norteño gang members who had just been involved in a gang-related fight. Based on these circumstances, Detective Slater expressed the opinion that defendant was a Norteño at the time of the Gutierrez beating.

*Procedure*

Defendant was charged by information along with his brother. Counts one through four charged Joel Anaya with two counts of premeditated attempted murder and two counts of assault with a firearm, relating to one of the Galt incidents. Counts five and six charged defendant and Joel together with robbery and assault by means of force likely to cause great bodily injury of D'Angelo Gutierrez. The robbery, count five, was alleged as a serious felony. And the information alleged that all of the crimes were committed for the benefit of a criminal street gang.

A jury found defendants guilty on all counts and found the criminal street gang enhancement true.

3

DISCUSSION

I

*Motion to Sever*

Defendant contends the trial court abused its discretion by denying his motion to sever his trial from his brother's. In support, he speculates that the jury may not have been able to base its verdicts on defendant's counts solely on the evidence against him. We conclude that the trial court did not abuse its discretion.

Section 1098 provides: "When two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they must be tried jointly, unless the court order separate trials." "[A] trial court must order a joint trial as the 'rule' and may order separate trials only as an 'exception.' [Citation.]" (*People v. Alvarez* (1996) 14 Cal.4th 155, 190, italics omitted.)

" 'A "classic" case for joint trial is presented when defendants are charged with common crimes involving common events and victims.' [Citation.] Though severance is in the sound discretion of the trial court, severance should generally be granted ' "in the face of an incriminating confession [by a codefendant], prejudicial association with codefendants, likely confusion resulting from evidence on multiple counts, conflicting defenses, or the possibility that at a separate trial a codefendant would give exonerating testimony." ' [Citations.]" (*People v. Pinholster* (1992) 1 Cal.4th 865, 932, disapproved on another ground in *People v. Williams* (2010) 49 Cal.4th 405, 459.)

"We review a trial court's denial of a severance motion for abuse of discretion based on the facts as they appeared at the time the court ruled on the motion. [Citation.]" (*People v. Avila* (2006) 38 Cal.4th 491, 575.) A trial court abuses its discretion when its ruling "falls outside the bounds of reason." (*People v. DeSantis* (1992) 2 Cal.4th 1198, 1226.) "If we conclude the trial court abused its discretion, reversal is required only if it is reasonably probable that the defendant would have obtained a more favorable result at

4

a separate trial. [Citations.]" (*People v. Lewis* (2008) 43 Cal.4th 415, 452, disapproved on other grounds in *People v. Black* (2014) 58 Cal.4th 912, 919-920.)

Defendant contends the trial court abused its discretion in denying his motion to sever his trial from his brother's because evidence of his own gang affiliation was weak, while evidence of his brother's gang affiliation was much stronger. Specifically, defendant argues: "[T]he jury was not able to make a reliable judgment about his guilt or innocence based solely on evidence admissible solely against [defendant], and was improperly influenced by the separate and unrelated charges of his [brother] and his gang affiliation."

To the contrary, the evidence of Joel's gang affiliation was relevant and admissible as to whether defendant was also affiliated because they participated together in assaulting a former gang member. Even if defendant had been tried separately from his brother, his brother's participation in defendant's crime and his brother's gang affiliation would have been admissible. (See *People v. Bradford* (1997) 15 Cal.4th 1229, 1315-1316 [cross-admissibility of evidence generally dispels inference of prejudice in joinder].)

During the trial, the court properly instructed the jury that it could not use evidence relating to the counts charged only against Joel (counts one through four) to find defendant guilty. Defendant's counsel also cautioned the jury not to let Joel's guilt affect its judgment with respect to defendant.

Speculation on appeal that the jury may not have been able to follow the court's instructions does not support reversal. (*People v. Anderson* (2007) 152 Cal.App.4th 919 , 951 [jurors presumed to follow jury instructions].)

Defendant's contention that the trial court abused its discretion by denying his motion to sever his trial from his brother's trial is without merit.

II

*Motion for New Trial*

After trial, defendant moved for a new trial, arguing that the trial court's abuse of discretion in denying the severance motion resulted in a violation of his due process and fair trial rights. The court denied the motion. On appeal, he contends the trial court abused its discretion in denying the motion for new trial.

Because we have concluded that the trial court did not abuse its discretion in denying the motion to sever defendant's trial from his brother's and because nothing that occurred during trial raised a doubt about the propriety of the trial court's pretrial ruling, we conclude that the trial court did not abuse its discretion in denying the motion for new trial on the same grounds.

III

*Sufficiency of Evidence*

Defendant contends the evidence was insufficient to establish that he committed the crimes for the benefit of a criminal street gang. He claims that that the only reasonable inference was that these were not gang crimes. To the contrary, there was substantial evidence that defendant committed the crimes against Gutierrez for the benefit of a criminal street gang.

When a defendant contends the evidence was insufficient to sustain the verdict, we review the entire record in the light most favorable to the judgment to determine whether it discloses substantial evidence -- that is, evidence that is reasonable, credible, and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) The focus of the substantial evidence test is on the whole record of evidence presented to the trier of fact, rather than on " 'isolated bits of evidence.' " (*Id*. at p. 577.)

We apply the same standard to convictions based largely on circumstantial evidence. (*People v. Meza* (1995) 38 Cal.App.4th 1741, 1745.) We must "presume in

6

support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Reilly* (1970) 3 Cal.3d 421, 425.)  We must not reweigh the evidence, reappraise the credibility of the witnesses, or resolve factual conflicts, as these are functions reserved for the trier of fact.  (*People v. Pitts* (1990) 223 Cal.App.3d 606, 884.)

Defendant claims he had no gang tattoos.  To the contrary, an officer testified that defendant had a tattoo in a pattern of dots on the webbing of his hand seen "very commonly with gangs and specifically with . . . Norteños."

Defendant recognizes that the gang expert gave his opinion, based on the evidence, that the crimes were committed for the benefit of a criminal street gang and that the expert gave his reasons for his opinion, but defendant claims that the jury "apparently ignored all the other facts and circumstances established by the defense.  No gang[] tattoos, no affiliation since the age of 15 and no indication from the victim that this was a gang related crime."

This argument is unconvincing because (1) he had a gang tattoo, (2) he had been validated as a Norteño gang member, (3) the gang experts expressed the opinion that he was a gang member and that he committed the crimes for the benefit of a criminal street gang, and (4) defendant participated with another gang member in beating a former gang member.  Additionally, there is no reason to conclude the jury "ignored" evidence in defendant's favor.

Defendant does not deny that his brother is a gang member.  In fact, he points to the stronger indicia of his brother's gang membership (tattoos and evidence of gang membership in his clothing and his home) as support for his argument that, because those indicia did not exist as to him, there was no reasonable inference that he was a gang member.  That argument is weak.  While it is true defendant did not have the same tattoos or gang clothing, there was other, substantial evidence of his gang membership.

7

Defendant provides no support for his assertion that the jury ignored evidence in his favor on whether he committed the crimes for the benefit of a criminal street gang. To the contrary, we presume the jury properly fulfilled its duty. (*People v. Anderson, supra,* 152 Cal.App.4th at p. 951.) The jury weighed the conflicting evidence concerning the commission of the crime for the benefit of a criminal street gang and found, based on substantial evidence, that defendant committed the crimes for the benefit of a criminal street gang. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

The evidence was sufficient to sustain the gang enhancement.

IV

*Denial of Probation*

Finally, defendant contends the trial court abused its discretion in denying probation and sentencing defendant to a term in state prison. He bases this contention on his own testimony at the sentencing hearing, in which he (1) admitted his involvement in the assault but (2) denied gang affiliation or a gang motivation for the crimes. Appellate counsel vouches for this testimony by calling it "truthful[]" and declaring that the trial court "now had a clear picture of [defendant's] motivation for the assault." Defendant argues that these factors, combined with the recommendation of the probation department that probation be granted, establish that the trial court's denial of probation was "irrational and arbitrary and not at all reasonable."

A court may not grant probation to a defendant who has willfully inflicted great bodily injury, as here, unless there are unusual circumstances justifying probation. (§ 1203, subd. (e)(3).)

The "grant or denial of probation is within the trial court's discretion and the defendant bears a heavy burden when attempting to show an abuse of that discretion." (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) A court abuses its discretion by denying probation when its order is "arbitrary or capricious, or ' "exceeds the bounds of

8

reason, all of the circumstances being considered." ' [Citation.]" (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.)

At the sentencing hearing, the trial court stated that, despite defendant's denial of gang affiliation at the sentencing hearing, the evidence established that defendant knew Gutierrez was a Norteño dropout and he attacked him for that reason. In fact, the trial court found that defendant's denial of gang affiliation at the sentencing hearing was not credible. The court also said that, after watching the video of the crimes, it was shocked that Gutierrez did not die, or at least have a fractured skull. The court noted that defendant had been involved in gangs as a juvenile and was a ward of the court as a result, which terminated in 2007, and that he did not do well on probation as a juvenile. Defendant is an alcoholic and admitted in his sentencing hearing testimony to driving while intoxicated on the night of the crimes. Also, defendant was assessed by the probation department as being a high risk to reoffend. Based on this and more, the trial court concluded that there were no unusual circumstances justifying a grant of probation.

This is not a close case. The circumstances cited by the trial court all weigh in favor of a state prison term. Accordingly, it was not an abuse of discretion to impose the state prison term.

DISPOSITION

The judgment is affirmed.

           NICHOLSON      , Acting P. J.

We concur:

      ROBIE         , J.

      DUARTE      , J.

9