Filed 10/21/15  P. v. Hampton CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B259664 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA088557) |
| v. | |
| ANTHONY L. HAMPTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eric C. Taylor, Judge.  Affirmed.

James C. Huber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Anthony L. Hampton appeals from the judgment entered following his no contest plea to a single count of robbery. (Pen. Code, § 211.)[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On October 3, 2013, Hampton entered a Burger King restaurant in Los Angeles County. Maria Andrade, her husband Victor Ramos, and their young daughter were seated around a table in the restaurant. Hampton grabbed Andrade's purse from the table and fled the restaurant. Ramos chased Hampton and grabbed his wife's purse. Hampton struck Ramos in the head, causing Ramos to bleed. Ramos released his grip on the purse, and Hampton resumed his flight.

Shortly afterwards, deputies of the Los Angeles County Sheriff's Department observed Hampton running down the street, the purse in his hand, being pursued by Ramos. Hampton was apprehended by deputies and taken into custody at approximately 4:30 p.m. Soon after his arrest, Hampton made self-incriminating statements to the arresting officers. Hampton gave a statement to law enforcement the following morning, at approximately 8:00 a.m. on October 4, after waiving his *Miranda* rights. (*Miranda v. Arizona* (1966) 384 U.S. 436.)

On October 7, 2013, a complaint was filed charging Hampton with one count of robbery in violation of section 211, and one count of resisting, obstructing, or delaying a peace officer in violation of section 148, subdivision (a)(1). The case was called for a preliminary hearing on November 18, 2013, and Hampton was held to answer on both counts. On December 3, 2013, Hampton was

---

[1]    Unless otherwise specified, statutory references are to the California Penal Code.

[2]    The facts are taken from the preliminary hearing transcript.

charged by information with robbery (§ 211) and resisting, obstructing, or delaying a peace officer (§ 148, subd. (a)(1)). The information further alleged that Hampton had suffered three prior convictions for robbery (§ 211) and one prior conviction for first degree burglary (§ 459), charged as prior serious or violent felony convictions (§§ 1192.7, 667.5, subd. (c)), as strikes under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and as prior serious felony convictions (§ 667, subd. (a)(1)). The information also alleged that Hampton served seven prior prison terms (§ 667.5, subd. (b)). Hampton subsequently made two motions to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806, both of which were denied. The court granted Hampton's *Pitchess* motion and held an in camera review. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531.)

On August 26, 2014, Hampton entered into a plea agreement in which he agreed to plead no contest to the robbery count, admit to the prior robbery convictions, and receive a sentence of 19 years. The charged violation of section 148, subdivision (a)(1) was dismissed. Hampton was sentenced to a term of 19 years, consisting of the low term of two years, doubled by reason of his prior strike, plus three five-year enhancements pursuant to section 667, subdivision (a)(1).

Hampton filed a notice of appeal and request for certificate of probable cause on October 9, 2014. The court granted his request for a certificate of probable cause. After review of the record, Hampton's court-appointed counsel filed an opening brief on May 4, 2015 requesting that this court independently examine the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On May 20, 2015, Hampton filed a supplemental brief in which he raised two arguments. He raised a Fourth Amendment violation, arguing that his post-arrest probable cause determination was not signed by a judicial officer,

3

and thus that no timely probable cause determination had been made prior to his arraignment. Hampton further argued that his arraignment was untimely.

## DISCUSSION

Both of Hampton's contentions are without merit. Turning first to the issue of Hampton's unsigned probable cause determination, we note that Hampton has forfeited this issue by failing to raise it in the trial court. A defendant's failure to raise a claim in the trial court that he was not provided with a determination of probable cause in a timely manner following his arrest forfeits the claim on appeal. (See *People v. Lewis* (2008) 43 Cal.4th 415, 443-445, overruled on other grounds by *People v. Black* (2014) 58 Cal.4th 912, 919-920.) Moreover, the United States Supreme Court has emphasized "the established rule that illegal arrest or detention does not void a subsequent conviction. [Citations.]" (*Gerstein v. Pugh* (1975) 420 U.S. 103, 119.) Thus, "a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause. [Citations.]" (*Ibid*.) Hampton's detention on an allegedly defective probable cause determination does not obviate his subsequent conviction.

Turning next to the purported delay in Hampton's arraignment,[3] we likewise find no error. Section 825 requires that a defendant arrested pursuant to a warrant must be arraigned "without unnecessary delay, and, in any event, within 48 hours after his or her arrest, excluding Sundays and holidays." (§ 825, subd. (a)(1).) Similarly, section 849 requires that a defendant arrested without a warrant be taken before a magistrate "without unnecessary delay" but makes no mention of the 48

_____

[3] According to Hampton's supplemental brief, he was detained on Thursday, October 3, 2013, and was not arraigned until "the following Tuesday," October 7. However, October 7, 2013 fell on a Monday. According to court records, the case was filed on October 7.

4

hour limitation set forth in section 825. (§ 849, subd. (a); see also *People v. Bonillas* (1989) 48 Cal.3d 757, 787, fn. 11.) Hampton was arrested without a warrant.

First, we reject Hampton's claim because a delay in taking an arrestee before a magistrate for purposes of an arraignment cannot be raised for the first time on appeal. (*People v. Gillette* (1959) 171 Cal.App.2d 497, 505; *People v. Tennyson* (1954) 127 Cal.App.2d 243, 246 [appellant's contention that he was not taken before a magistrate within the time limits specified by section 849 could not be raised for the first time on appeal].) The record does not disclose that Hampton ever raised this point in the trial court.

Even if not forfeited, a mere delay in the arraignment of a criminal defendant "does not immunize a defendant from prosecution. [Citation.]" (*Lozoya v. Superior Court* (1987) 189 Cal.App.3d 1332, 1345.) The failure of an arresting officer to provide a defendant with a timely arraignment "reflects against the legality of the detention, rather than the legality of the subsequent prosecution." (*People v. Valenzuela* (1978) 86 Cal.App.3d 427, 430.) Indeed, "[n]either sections 825 nor 849 contain any language authorizing or requiring a dismissal of a prosecution by reason of delay in arraignment." (*Ibid.*) Instead, the general rule is that when a reversal after a conviction is sought on the basis of a pre-arraignment delay, "'[a] violation of a defendant's right to be taken before a magistrate within the time specified by the law does not require a reversal unless he shows that through such wrongful conduct he was deprived of a fair trial or otherwise suffered prejudice as a result thereof.'" (*Id.* at p. 431; see also *People v. Ruiz* (1961) 196 Cal.App.2d 695, 703 [holding that an asserted "unnecessary delay" in taking the appellant before a magistrate did not constitute a sound ground for an attack on the appellant's conviction absent "a showing of a prejudicial effect" arising therefrom].)

5

No such showing of prejudice has been made here. Hampton's conviction stemmed from his no contest plea. Hampton made self-incriminating statements soon after his arrest and after receiving a *Miranda* warning, but prior to his appearance before a magistrate. There is no evidence that the alleged delay resulted in prejudice to Hampton. (See *People v. Vick* (1970) 11 Cal.App.3d 1058, 1068 [a delay in the appellant's arraignment under section 825 did not prejudice the appellant where the appellant "freely gave information before he was arrested" indicating his guilt and later confessed after his arrest and after receiving a *Miranda* warning].)

We have examined the entire record and conclude that no arguable issues exist, and that Hampton has, by virtue of his counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.) We therefore affirm the judgment of the trial court.

//

//

//

//

//

//

//

//

//

//

//

//

6

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


COLLINS, J.